**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NETSPHERE INC., <br> MANILA INDUSTRIES, INC.; and <br> MUNISH KRISHAN <br> Plaintiffs, <br> vs. <br> JEFFREY BARON and <br> ONDOVA LIMITED COMPANY, <br> Defendants | § § § § § § § § § § | CIVIL ACTION NO. 3-09CV0988-F |

## ORDER APPOINTING RECEIVER

The Court hereby appoints a receiver and imposes an ancillary relief to assist the receiver as follows:

## APPOINTMENT OF RECEIVER

IT IS HEREBY ORDERED that Peter S. Vogel is appointed Receiver for Defendant Jeffrey Baron with the full power of an equity receiver. The Receiver shall be entitled to possession and control over all Receivership Assets, Receivership Parties and Receivership Documents as defined herein, and shall be entitled to exercise all powers granted herein.

## RECEIVERSHIP PARTIES, ASSETS, AND RECORDS

IT IS FURTHER ORDERED that the Court hereby takes exclusive jurisdiction over, and grants the Receiver exclusive control over, any and all "Receivership Parties", which term shall include Jeffrey Baron and the following entities:

Village Trust, a Cook Islands Trust
Equity Trust Company IRA 19471
Daystar Trust, a Texas Trust
Belton Trust, a Texas Trust
Novo Point, Inc., a USVI Corporation
Iguana Consulting, Inc., a USVI Corporation
Quantec, Inc., a USVI Corporation
Shiloh, LLC, a Delaware Limited Liability Company
Novquant, LLC, a Delaware Limited Liability Company

ORDER APPOINTING RECEIVER – Page 1

Manassas, LLC, a Texas Limited Liability Company
Domain Jamboree, LLC, a Wyoming Limited Liability Company
ID Genesis, LLC, a Utah Limited Liability Company

and any entity under the direct or indirect control of Jeffrey Baron, whether by virtue of ownership, beneficial interest, a position as officer, director, power of attorney or any other authority or right to act. The Court hereby enjoins any person from taking any action based upon any presently existing directive from any person other than the Receiver with regard to the affairs and business of the Receivership Parties, including but not limited to proceeding with the transfer of a portfolio of internet domain names ("Domain Names") for which Ondova Limited Company ("Ondova") acted as registrar. Specifically, but without limitation, VeriSign Inc and The Internet Corporation for Assigned Names and Numbers ("ICANN"), and any other entity connected to the transfer of the Domain Names, shall immediate cease such efforts and shall terminate any movement of the Domain Names.

IT IS FURTHER ORDERED that the Court hereby takes exclusive jurisdiction over, and grants the Receiver exclusive control over, any and all "Receivership Assets", which term shall include any and all legal or equitable interest in, right to, or claim to, any real or personal property (including "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code)), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located, and further including any legal or equitable interest in any trusts, corporations, partnerships, or other legal entities of any nature, that are:

    1.    owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Receivership Party;

    2.    in the actual or constructive possession of any Receivership Party; or

    3.    in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any

other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Receivership Party, including, but not limited to, any assets held by or for any Receivership Party in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside of the State of Texas.

IT IS FURTHER ORDERED that the Receiver shall be entitled to any document that any Receivership Party is entitled to possess as of the signing of this order ("Receivership Documents").

IT IS FURTHER ORDERED that all persons who receive actual notice of this Order by personal service or otherwise are hereby restrained and enjoined from:

A.  Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Receivership Assets.

B.  Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Receivership Party, or subject to access by any Receivership Party or under any Receivership Party's control, without providing the Receiver prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C.  Cashing any checks or depositing any payments from customers or clients of a Receivership Party;

D.  Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Receivership Party; or

E.     Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Receivership Party or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Receivership Party.

F.     The funds, property, and assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order.

IT IS FURTHER ORDERED that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Receivership Party, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Receivership Party, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

   1.   on behalf of, or for the benefit of, any Receivership Party;

   2.   in any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Receivership Party; and

   3.   that are subject to access or use by, or under the signatory power of, any Receivership Party.

B.     Deny any person other than the Receiver or his designee access to any safe deposit boxes or storage facilities that are either:

   1.   titled in the name, individually or jointly, of any Receivership Party; or

   2.   subject to access by any Receivership Party.

C.     Provide the Receiver an immediate statement setting forth:

ORDER APPOINTING RECEIVER – Page 4

1. The Identification number of each account or asset titled in the name, individually or jointly, of any Receivership Party, or held on behalf thereof, or for the benefit thereof, including all trust accounts managed on behalf of any Receivership Party or subject to any Receivership Party's control;

2. The balance of each such account, or a description of the nature and value of such asset;

3. The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Receivership Party, whether in whole or in part; and

4. If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date.

D. Immediately provide the Receiver with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. Immediately honor any requests by the Receiver with regard to transfers of assets to the Receiver or as the Receiver may direct.

DUTIES OF DEFENDANTS REGARDING ASSETS AND DOCUMENTS

IT IS FURTHER ORDERED that Defendants shall:

A. Within three business days following service of this Order, take such steps as are necessary to turn over control to the Receiver and repatriate to the Northern District of Texas all Receivership Documents and Receivership Assets that are located outside of the Northern District of Texas and are held by or for the Receivership Parties or are under the Receivership Parties' direct or indirect control, jointly, severally, or individually;

B.  Within three business days following service of this Order, provide Plaintiff and the Receiver with a full accounting of all Receivership Documents and Receivership Assets wherever located, whether such Documents or Assets held by or for any Receivership Party or are under any Receivership Party's direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the Receivership Documents and Receivership Assets, along with the account numbers and balances; and

D.  Immediately following service of this Order, provide Plaintiff and the Receiver access to Defendants' records and Documents held by Financial Institutions or other entities, wherever located.

## POWERS AND DUTIES OF RECEIVER

IT IS FURTHER ORDERED that the Receiver shall immediately present a sworn statement that he will perform his duties faithfully and shall post a cash deposit or bond in the amount of $1,000.

IT IS FURTHER ORDERED that in addition to all powers granted in equity to receivers, the Receiver shall immediately have the following express powers and duties:

A.  To have immediate access to any business premises of the Receivership Party, and immediate access to any other location where the Receivership Party has conducted business and where property or business records are likely to be located.

B.  To assume full control of the Receivership Party by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee or agent of the Receivership Party, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Party;

C.  To take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody or under the control of, the Receivership Party, wherever

situated, including without limitation all paper documents and all electronic data and devices that contain or store electronic data including but not limited to computers, laptops, data storage devices, back-up tapes, DVDs, CDs, and thumb drives and all other external storage devices and, as to equipment in the possession or under the control of the Receivership Parties, all PDAs, smart phones, cellular telephones, and similar devices issued or paid for by the Receivership Party.

  D. To act on behalf of the Receivership Party and, subject to further order of the Court, to have the full power and authority to take all corporate actions, including but not limited to, the filing of a petition for bankruptcy as the authorized responsible person as to the Receivership Party, dissolution of the Receivership Party, and sale of the Receivership Party.

  E. To divert mail.

  F. To sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Party and other persons or entities whose interests are now held by or under the direction, possession, custody or control of the Receivership Party.

  G. To investigate, conserve, hold, and manage all Receivership Assets, and perform all acts necessary or advisable to preserve the value of those assets in an effort to prevent any irreparable loss, damage or injury to consumers or to creditors of the Receivership Party including, but not limited to, obtaining an accounting of the assets, and preventing transfer, withdrawal or misapplication of assets.

  H. To enter into contracts and purchase insurance as advisable or necessary.

  I. To prevent the inequitable distribution of assets and determine, adjust, and protect the interests of creditors who have transacted business with the Receivership Party.

  J. To manage and administer the business of the Receivership Party until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which include retaining, hiring, or dismissing any employees, independent contractors, or agents.

K.     To choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists (collectively, "Professionals"), as each Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order.

L.     To make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.

M.     To institute, compromise, adjust, defend, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that each Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Party or that each Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, the filing of a petition for bankruptcy.

N.     To conduct investigations and to issue subpoenas to obtain documents and records pertaining to, or in aid of, the receivership, and conduct discovery in this action on behalf of the receivership estate.

O.     To consent to the dissolution of the receivership in the event that the Plaintiff may compromise the claim that gave rise to the appointment of the Receiver, provided, however, that no such dissolution shall occur without a motion by the Plaintiff and service provided by the Plaintiff upon all known creditors at least thirty days in advance of any such dissolution.

## LIMITATION OF RECEIVER'S LIABILITY

IT IS FURTHER ORDERED that except for an act of gross negligence, the Receiver and the Professionals shall not be liable for any loss or damage incurred by any of the Receivership Parties, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Receiver and the Professionals in connection with the discharge of his or her duties and responsibilities. Additionally, in the

event of a discharge of the Receiver either by dissolution of the receivership or order of this Court, the Receiver shall have no further duty whatsoever.

## PROFESSIONAL FEES

IT IS FURTHER ORDERED that each Receiver and his professionals, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, which compensation shall be derived exclusively from the assets now held by, or in the possession or control of, or which may be received by the Receivership Party or which are otherwise recovered by the Receiver, against with the Receiver shall have a first and absolute administrative expense lien. The Receiver shall file with the Court and serve on the parties a fee application with regard to any compensation to be paid to professionals prior to the payment thereof.

## COOPERATION WITH RECEIVER

IT IS FURTHER ORDERED that the Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic account, or digital file or telephonic data in any medium; turning over all accounts, files, and records including those in possession or control of attorneys or accountants; and advising all persons who owe money to the Receivership Party that all debts should be paid directly to the Receiver. Defendants are hereby temporarily restrained and enjoined from directly or indirectly:

    A.    Transacting any of the business of the Receivership Party;

B. Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Party including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other papers of any kind or nature;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Party or the Receiver;

D. Drawing on any existing line of credit available to Receivership Party;

E. Excusing debts owed to the Receivership Party;

F. Failing to notify the Receiver of any asset, including accounts, of the Receivership Party held in any name other than the name of any of the Receivership Party, or by any person or entity other than the Receivership Party, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody or control of such assets;

G. Doing any act that would, or failing to do any act which failure would, interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Party; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; and

H. Filing, or causing to be filed, any petition on behalf of the Receivership Party for relief under the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (2002), without prior permission from this Court.

IT IS FURTHER ORDERED that:

A. Immediately upon service of this Order upon them, or within such period as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

1. All assets of the Receivership Party, including, without limitation, bank accounts, web sites, buildings or office space owned, leased, rented, or otherwise occupied by the Receivership Party;

2. All documents of the Receivership Party, including, but not limited to, books and records of accounts, legal files (whether held by Defendants or their counsel) all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

3. All of the Receivership Party's accounting records, tax records, and tax returns controlled by, or in the possession of, any bookkeeper, accountant, enrolled agent, licensed tax preparer or certified public accountant;

4. All loan applications made by or on behalf of Receivership Party and supporting documents held by any type of lender including, but not limited to, banks, savings and loans, thrifts or credit unions;

5. All assets belonging to members of the public now held by the Receivership Party; and

6. All keys and codes necessary to gain or secure access to any assets or documents of the Receivership Party including, but not limited to, access to their business premises, means of communication, accounts, computer systems or other property;

B. In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file ex parte an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable

writs requested by the Receivers. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document or other thing and to deliver it to the Receivers.

IT IS FURTHER ORDERED that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, leasing companies, landlords, ISOs, credit and debit card processing companies, insurance agents, insurance companies, commodity trading companies or any other person, including relatives, business associates or friends of the Defendants, or their subsidiaries or affiliates, holding assets of the Receivership Party or in trust for Receivership Party shall cooperate with all reasonable requests of each Receiver relating to implementation of this Order, including freezing and transferring funds at his or her direction and producing records related to the assets of the Receivership Party.

## STAY OF ACTIONS

IT IS FURTHER ORDERED that:

A.  Except by leave of this Court, during the pendency of the receivership ordered herein, all other persons and entities aside from the Receiver are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Party, any of their partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.  Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.  Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody or control of any asset;

attempting to foreclose, forfeit, alter or terminate any interest in any asset, whether such acts are part of a judicial proceeding or are acts of self-help or otherwise;

   3. Executing, issuing, serving or causing the execution, issuance or service of, any legal process including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

   4. Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Party;

 B. This Order does not stay:

   1. The commencement or continuation of a criminal action or proceeding; and

   2. Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within 30 days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 24th day of November, 2010

_Royal Furgeson_
JUDGE/PRESIDING